**MORGAN & MORGAN**

September 30, 2022

Hon. Gary L. Sharpe
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

      Re:    *Gorzynski v. Interstate Gourmet Coffee Roasters, Inc.*
              Case No. 5:22-cv-50

Dear Judge Sharpe:

      We are counsel to Christopher Gorzynski, Plaintiff, in the above-referenced matter. We write jointly with counsel for Defendant, Interstate Gourmet Coffee Roasters, Inc. d/b/a Boston's Best Coffee Roasters, to respectfully request that the Court approve the settlement reached herein. *See* Settlement Agreement, attached hereto as **EXHIBIT A**. We are asking that the settlement be approved and that this action be dismissed with prejudice as to Plaintiff's individual claims.

      In this action, Plaintiff alleges, that Defendant failed to pay overtime, in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") to him and to members of a putative class/collective action. No other plaintiffs have joined the case and thus this is an individual action.

      Defendant has denied and continues to deny all of the allegations made against it. In furtherance of the parties' mutual desire to avoid the burdens and expense of protracted litigation and to resolve their dispute, they have entered into a settlement, which the parties now request the Court to approve as fair and reasonable. The settlement was achieved via mediation conducted on June 30, 2022, and presided over by Amy Habib Rittling, Esq., of Lippes Mathias LLP, in Buffalo, New York.

      Under the settlement, the Plaintiff will receive all overtime wages he alleges are due to him for the time period in question ($5,000), and an equal amount as liquidated damages ($5,000). Separately, and in addition to amounts payable to Plaintiff, Defendant has agreed to pay Plaintiff's counsel's attorneys' fees incurred in this matter. Plaintiff's counsel's fee was not determined as a percentage of Plaintiff's overall recovery, but rather based on his lodestar (hours incurred x hourly rate) and thus it does not impact Plaintiff's recovery.

      In this regard, the parties represent to the Court that the Agreement: (a) is fair and equitable to all Parties; (b) reasonably resolves a *bona fide* disagreement between the Parties with regard to the merits of the Plaintiff's claims; (c) contains monetary consideration for the Plaintiff; and (d) discontinues the action, with prejudice, on the merits, and on consent. The parties and their counsel

have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Release. The Release is the result of arduous arms-length bargaining among the parties and reflects parties' desire to settle and compromise fully and finally all of Plaintiff's wage-and-hour claims asserted in this case and any potential other claims that Plaintiff has stated his willingness to compromise as part of the agreed-upon settlement terms.

## I. The Standard

It is well-established that "[c]ourts approve FLSA settlements where they are reached as a result of contested litigation to resolve *bona fide* disputes." *Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712 (PAC), 2014 U.S. Dist. LEXIS 157205, at *10 (S.D.N.Y. Nov. 4, 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)); *Clark v. Ecolab Inc.*, No. 04 Civ. 4488 (PAC), 2010 U.S. Dist. LEXIS 47036, at *24 (S.D.N.Y. May 11, 2010); *Johnson v. Brennan*, 10 Civ. 4712 (CM), 2011 U.S. Dist. LEXIS 105775, at *35 (S.D.N.Y. Sept. 16, 2011); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 04082 (JCF), 2010 U.S. Dist. LEXIS 139136, at *15 (S.D.N.Y. Nov. 29, 2010); *deMunecas v. Bold Food LLC*, No. 09 Civ. 00440 (DAB), 2010 U.S. Dist. LEXIS 87644, at *17 (S.D.N.Y. Aug. 23, 2010); *see also Garcia v. Pancho Villa's of Huntington Vill., Inc.*, No. 09 Civ. 486 (ETB), 2012 U.S. Dist. LEXIS 144446, at *15 (E.D.N.Y. Oct. 4, 2012) ("the high standard for approval of a class action [settlement] under Rule 23 does not apply to an FLSA settlement").[1]

Moreover, "[t]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *deMunecas,* 2010 U.S. Dist. LEXIS 87644, at *20. That is, as long as the FLSA settlement "reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* at *17. The more lenient approach to approval of FLSA settlements is prudent given that an FLSA settlement implicates only the rights of the individuals who have affirmatively joined the action.

## II. The Settlement Agreement Is Fair and Reasonable And Should Be Approved

"Before a court will find a settlement fair and reasonable, the parties must provide enough information for the court to examine the *bona fides* of the dispute." *Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635 (PAC), 2014 U.S. Dist. LEXIS 144038, at *2 (S.D.N.Y. Sept. 26, 2014). Here, the Settlement Agreement was clearly "reached as a result of contested litigation to resolve *bona fide* disputes." *Aboud*, 2014 U.S. Dist. LEXIS 157205, at *10. Indeed, the settlement in this matter was only reached after a complaint was filed and answered, the parties had exchanged documents and information and had produced payroll records, correspondence, and company policies and procedures, and the parties drafted and submitted mediation statements to party-selected mediator through the Court's mandatory ADR program, and attended full-day mediation in an attempt to resolve the matter.

---

[1] Virtually all FLSA settlement approval decisions published within the Second Circuit also involve a Rule 23 class action release, and the decisions track the detailed Rule 23 fairness factors. In such decisions, the more stringent Rule 23 approval standards may appear conflated with the FLSA approval standards.

In this action, Plaintiff alleges Defendant knowingly permitted, encouraged, and required Plaintiff to work overtime hours without properly paying him proper overtime wages. Specifically, Plaintiff, who was employed as a driver for Defendant, alleges that he worked approximately five (5) hours of unpaid overtime hours per week for Defendant. Because of this claimed extensive overtime, Plaintiff alleges that his weekly pay did not cover all of the wages to which he was entitled, in accordance with the FLSA and/or NYLL.

Defendant disputes that any overtime hours were worked, that Plaintiff was owed any overtime pay, and contends that Plaintiff was paid in compliance with the FLSA and NYLL at all times during his employment.

Given these disputed issues, both parties and their counsel believe that this settlement is fair and reasonable. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement"). Further, ongoing litigation would also likely involve costly motion practice over discovery issues, class and collective certification, and summary judgment, in addition to other expenses associated with trial. In the instant case, the parties arm's-length bargaining following litigation and the ability of the matter to be resolved without either party incurring further substantial litigation costs, which are factors that weigh in favor of finding the settlement fair and reasonable. Finally, this case does not involve the litigation of particularly novel and complex issues. Rather, the wage-and-hour claims brought by Plaintiff involve legal issues that have been litigated in many other cases, and therefore continued litigation likely would not significantly advance the development of the law.

That this action was styled as a class and collective action should not bar the approval of the settlement. Plaintiff would not be able to prove that he was treated in the same fashion as other employees. This is not an appropriate case for a multi-state class or collective. The terms on which he was paid varied at different times, and his terms and conditions would vary from those of other employees. If other employees believe they have the basis for any claims, which the company would and does dispute, there would be no impediment to their filing a new action and seeking all available relief in the appropriate jurisdiction.

For the foregoing reasons, it is respectfully requested that the Court approve the settlement in this matter as set forth above and in the Settlement Agreement, and enter the proposed Order discontinuing the action with prejudice and on the merits, but retaining jurisdiction to enforce settlement if needed.

    Respectfully submitted,

    */s/ Andrew R. Frisch*
    Andrew R. Frisch
    *Counsel for Plaintiff*

4879-8650-6292, v. 2